IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARK D. LARSEN,

                 Plaintiff,                        OPINION & ORDER

    v.

                                                          14-cv-284-jdp

STATE OF WISCONSIN,

                 Defendant.

---

    Pro se plaintiff Mark D. Larsen has filed this proposed action naming the State of Wisconsin as defendant and alleging unlawful deprivation of property without due process. The court has already concluded that plaintiff may proceed without prepaying any portion of the filing fee for this action. The next step in this case is for the court to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2).

    In screening any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). After reviewing the complaint with this principle in mind, I conclude that plaintiff's complaint must be dismissed for failure to satisfy the pleading standards of Federal Rule of Civil Procedure 8, because plaintiff has not identified the individual defendants whom he intends to sue.

ALLEGATIONS OF FACT

    In his complaint, plaintiff alleges the following facts.

    In April 1985, plaintiff was sentenced to 30 years in prison in the state of Wisconsin. In July 1998, plaintiff was released from prison and placed on parole supervision. Wis. Stat. § 304.074 states in relevant part that "[t]he department shall charge a fee to probationers,

parolees, and persons on extended supervision to partially reimburse the department for the costs of providing supervision and services." While on parole, plaintiff received correspondence stating that he owed supervision fees to the Wisconsin Department of Corrections (DOC). By January 2013, plaintiff was past due on a balance of $2657.

In October 2013, plaintiff filed state of Wisconsin tax returns for 2009-2012. Shortly thereafter, plaintiff learned from the Wisconsin Department of Revenue that his tax refund of $2369 was intercepted and seized by the DOC, so he would not be receiving a state tax refund. A letter from the DOC confirmed that his refund of $2369 had been applied to his past due balance for supervision fees, leaving a balance of $508 as of November 3, 2013. (Presumably, his January 2013 balance of $2657 had increased to $2877 by then.) At that time, plaintiff was a student at Madison Area Technical College, and he "was in dire need of those tax refund monies to live on while in the college program." Dkt. 1, at 3.

## ANALYSIS

I understand plaintiff to be bringing claims for unlawful deprivation of property without due process of law under the Fourteenth Amendment. Plaintiff alleges that the interception and seizure of his state tax refund to offset unpaid, accumulated fees was an unconstitutional taking of property violating his right to due process. He alleges that he was entitled to a hearing prior to the taking of his state tax refund. Thus, although the complaint does not indicate whether plaintiff is pleading a violation of substantive or procedural due process, his allegations appear to assert a violation of procedural due process.

Unfortunately for plaintiff, I cannot consider the merits of his complaint at this time because his pleading does not satisfy Rule 8 of the Federal Rules of Civil Procedure. Under Rule 8, plaintiff must present "a short and plain statement of the claim showing that [he] is entitled to relief." The purpose of the requirement is "to provide the defendant with 'fair notice' of the

claim and its basis." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

Although the complaint identifies the alleged actions that plaintiff believes violated his rights, it does not identify the defendant or defendants whom plaintiff intends to sue for those alleged violations. The only named defendant is the State of Wisconsin, but the State of Wisconsin is not a suable entity under 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65-71 (1989) (explaining that states and state agencies are not "persons" who may be sued for constitutional violations under § 1983). To state a claim for relief under 42 U.S.C. § 1983, plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was done by a person or persons acting under color of state law. *Buchanan–Moore v. Cnty. of Milwaukee,* 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac,* 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo,* 446 U.S. 635, 640 (1980).

"When the substance of a *pro se* civil rights complaint indicates the existence of claims against individual officials not specifically named in the caption of the complaint, the district court must provide the petitioner with an opportunity to amend the complaint." *Donald v. Cook Cnty. Sheriff's Dep't,* 95 F.3d 548, 555 (7th Cir. 1996). The court cannot do that on its own. *Myles v. United States,* 416 F.3d 551, 552-53 (7th Cir. 2005) ("[It is] unacceptable for a court to add litigants on its own motion. Selecting defendants is a task for the plaintiff, not the judge."). If plaintiff desires to sue individual officials in the Wisconsin Department of Revenue or Wisconsin Department of Corrections, he must amend his complaint to identify those individuals and the specific actions taken by each individual.

ORDER

IT IS ORDERED that:

1) Plaintiff Mark Larsen's complaint is DISMISSED for failure to comply with Federal Rule of Civil Procedure 8.

2) Plaintiff may have until November 28, 2014, to file an amended complaint identifying the individual(s) whom he intends to sue as named defendant(s) in this action. If plaintiff fails to file an amended complaint in that time, the case will be closed.

Entered this 29th day of October, 2014.

                BY THE COURT:

                /s/
                JAMES D. PETERSON
                District Judge