IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARK D. LARSEN,

                        Plaintiff,

  v.

RICHARD G. CHANDLER and EDWARD F. WALL,

                        Defendants.

OPINION & ORDER

14-cv-284-jdp

---

Pro se plaintiff Mark D. Larsen alleges that defendants deprived him of property without due process when they intercepted his tax refund to offset costs associated with his parole supervision. On September 15, 2015, I granted plaintiff leave to proceed with his due process claim for injunctive relief against defendants Richard G. Chandler, secretary of the Wisconsin Department of Revenue, and Edward F. Wall, former secretary of the Wisconsin Department of Corrections. Dkt. 7.

Now defendant Chandler has moved to dismiss plaintiff's claim as alleged against him. Dkt. 13. Defendant Chandler contends that plaintiff should proceed against only defendant Wall because the Department of Corrections certified plaintiff's debt for setoff. Plaintiff did not file a response. I will grant defendant Chandler's motion.

ALLEGATIONS OF FACT

I discussed plaintiff's allegations in my September 15, 2015, order, Dkt. 7, and I will not repeat them in full here. To summarize, plaintiff has alleged that defendants violated his due process rights by intercepting his tax refund ($2,369) to set-off a debt plaintiff owes the Department of Corrections for costs associated with plaintiff's parole supervision ($2,877).

Plaintiff did not receive a hearing or have the opportunity to appeal the decision. Plaintiff alleges that defendants Chandler and Wall approved and enforced the state law that violated plaintiff's rights, Wis. Stat. § 304.074.

ANALYSIS

Wis. Stat. § 71.93 governs Department of Revenue setoffs for debts individuals owe other state agencies. The statute specifically governs amounts owed to the Department of Corrections pursuant to Wis. Stat. § 304.074(2), i.e., the reimbursement fee for individuals on parole. Wis. Stat. § 71.93(1)(a)5. A Wisconsin state agency may certify to the Department of Revenue any qualifying debt "so that the department may set off the amount of the debt against a refund to the debtor or so that the department of administration may reduce a disbursement to the debtor by the amount of the debt." *Id.* § 71.93(2). Prior to certification, the state agency is responsible for notifying the debtor of: (1) its intent to certify the debt for setoff; and (2) the debtor's right to appeal. *Id.* The Department of Revenue is only responsible for executing the setoff, and the statute specifically states that "[a]ny legal action contesting a setoff under this paragraph shall be brought against the entity that certified the debt." *Id.* § 71.93(3)(am).

Presumably, plaintiff has sued defendant Wall for the Department of Corrections' role in certifying the parole debt, and he has sued defendant Chandler for the Department of Revenue's role in executing the setoff. Because Wis. Stat. § 71.93 indicates that the Department of Corrections (*not* the Department of Revenue): (1) made the decision to certify plaintiff's debt; and (2) was responsible for notifying plaintiff of the certification, I see no reason to keep defendant Chandler in this case. This decision will not limit or narrow

plaintiff's due process claim. And, significantly, plaintiff has not opposed defendant Chandler's motion. For these reasons, I will grant the motion to dismiss.

One final point: Edward F. Wall is no longer the secretary of the Department of Corrections. As I noted in my previous order, Dkt. 7, at 4, plaintiff is suing defendant Wall in his official capacity. Accordingly, pursuant to Federal Rule of Civil Procedure 25(d), I will substitute current DOC Secretary Jon E. Litscher for Edward F. Wall, and I will direct the clerk's office to amend the caption accordingly.

ORDER

IT IS ORDERED that:

1. Defendant Richard G. Chandler's motion to dismiss, Dkt. 13, is granted.

2. Jon E. Litscher is substituted for Edward F. Wall as the sole remaining defendant in this case.

Entered April 28, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge