IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARK D. LARSEN,

                              Plaintiff,

        v.                                                    OPINION & ORDER

JON E. LITSCHER,                                              14-cv-284-jdp

                              Defendant.

---

Pro se plaintiff Mark D. Larsen contends that defendant Jon E. Litscher deprived him of property without due process when he intercepted plaintiff's tax refunds to offset costs associated with his parole supervision. Now defendant has moved for summary judgment. Dkt. 16. Plaintiff has not responded, and I will grant defendant's motion.

UNDISPUTED FACTS

On October 23, 2007, the Wisconsin Department of Corrections (DOC) Division of Community Corrections sent plaintiff a letter notifying him that he owed $2,410 in supervision fees, that the balance was due upon receipt of the letter, and that if plaintiff did not pay the balance within 60 days, Community Corrections could forward the balance to the Wisconsin Department of Revenue to withhold any income tax refund to which plaintiff may be entitled, pursuant to Wis. Stat. § 71.93. The letter also informed plaintiff that if he disputed the balance, he could take it up with Community Corrections.

On June 3, 2009, Community Corrections sent another letter to plaintiff, notifying him that the Department of Revenue had intercepted $73 (plaintiff's income tax refund) and had applied it to plaintiff's supervision fees balance. The letter informed plaintiff that his

unpaid balance as of May 10, 2009, was $2,457. Again, the letter notified plaintiff that he should contact his agent if he disputed the balance.

On November 6, 2013, Community Corrections sent plaintiff a third letter, notifying him that the Department of Revenue had intercepted $2,349 and had applied it to his balance.


ANALYSIS

The court must grant summary judgment when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To avoid summary judgment, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." *Id.*

I granted plaintiff leave to proceed on a Fourteenth Amendment procedural due process claim for injunctive relief, pursuant to 42 U.S.C. § 1983. Dkt. 7. The Fourteenth Amendment's Due Process Clause prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law[.]" U.S. Const. amend. XIV, § 1. To prevail on a § 1983 procedural due process claim, plaintiff must demonstrate that he: (1) has a cognizable liberty or property interest; (2) suffered a deprivation of that interest; and (3) did not receive due process. *Khan v. Bland*, 630 F.3d 519, 527 (7th Cir. 2010). "In procedural due process claims, the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the

deprivation of such an interest *without due process of law.*" *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (emphasis in original). Accordingly, "to determine whether a constitutional violation has occurred, it is necessary to ask what process the State provided, and whether it was constitutionally adequate." *Id.* at 126.

Assuming that plaintiff has a property interest in his tax refunds, he has not demonstrated that defendant deprived him of that interest without due process. Although due process generally "requires that a person not be deprived of property without notice and an opportunity for a hearing[,]" *Siebert v. Severino*, 256 F.3d 648, 659 (7th Cir. 2001) (citation omitted), due process is a "flexible" concept. *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)). "[T]he precise timing and form of the procedures that the government must afford an individual hinge upon the particularities of the situation." *Doyle v. Camelot Care Ctrs., Inc.*, 305 F.3d 603, 617 (7th Cir. 2002).

As I discussed in a previous order, Dkt. 15, Wis. Stat. § 71.93 governs Department of Revenue setoffs for debts that individuals owe to other state agencies. The statute specifically governs amounts owed to the DOC pursuant to Wis. Stat. § 304.074(2), i.e., the reimbursement fee for individuals on parole. Wis. Stat. § 71.93(1)(a)5. A Wisconsin state agency may certify to the Department of Revenue any qualifying debt "so that the department may set off the amount of the debt against a refund to the debtor or so that the department of administration may reduce a disbursement to the debtor by the amount of the debt." *Id.* § 71.93(2). Prior to certification, the state agency is responsible for notifying the debtor of: (1) its intent to certify the debt for setoff; and (2) the debtor's right to appeal. *Id.*

3

Here, the DOC notified plaintiff that it intended to certify the debt, and it notified plaintiff that he had an opportunity to challenge the balance. It appears that plaintiff had both pre- and post-deprivation opportunities to be heard. When Community Corrections first notified plaintiff that he had outstanding supervision fees—before the Department of Revenue intercepted his tax refunds—plaintiff had an opportunity to dispute the balance ("If you dispute your balance please contact the Division of Community Correction's Cashier's Unit[.]"). Dkt. 18-1. He had the same opportunity *after* the Department of Revenue intercepted his tax refunds. Dkt. 18-2 and Dkt. 18-3. And Wis. Admin. Code DOC § 328.12 establishes an administrative review process "to challenge any department decision affecting an offender[.]"

I determine whether the process plaintiff received comports with due process by using the framework set out in *Mathews*, which requires me to balance the private interest at stake and the government's interest, the risk of erroneous deprivation, and the probable benefits and costs of additional protections. 424 U.S. at 335. The record demonstrates that plaintiff received notice and at least some opportunity to be heard, and he has not offered any facts, evidence, or argument in response to defendant's motion for summary judgment. Plaintiff's interest here warrants some meaningful opportunity to appeal any erroneous DOC determination, but the potential injury to plaintiff is relatively moderate and reversible.

On this record, and in light of the fact that plaintiff has not opposed summary judgment, I will grant defendant's motion for summary judgment. Plaintiff has not demonstrated that defendant deprived him of his tax refunds without due process. Defendant does represent, however, that the DOC will amend its tax intercept notification letters to explicitly inform offenders of their right to appeal under Wis. Admin. Code DOC § 328.12.

To be clear, this representation does not clinch summary judgment for defendant, and this order and the court's forthcoming judgment do not rely on that representation. But the information will no doubt assist offenders and help them to better understand their rights, and I will expect the DOC to follow through on its promise.

ORDER

IT IS ORDERED that:

1. Defendant Jon E. Litscher's motion for summary judgment, Dkt. 16, is GRANTED.

2. The clerk of court is directed to enter judgment for defendant and close this case.

Entered August 17, 2016.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge